THE STATE EX REL. LIGGETT & MYERS TOBACCO COMPANY v. FREDERICK GEHNER, Assessor, and as President, and A. R. SCHOLLMEYER ET AL. as Members, of Board of Equalization of City of St. Louis. —292 S. W. 1028.

Court en Banc, April 8, 1927.

1. **INCOME TAXES: Foreign Corporation: Deductions Paid in This State.** A corporation, organized under the laws of another state and having its principal office and place of business in this state, is entitled to deduct from the gross amount of its income from its business within this state all taxes paid by it in this state within the year and imposed by the authority of the United States upon its income from all sources within the United States.

2. ———: ———: ———: **Missouri Statute.** The fourth clause of sub-division 2 of Section 13114, Revised Statutes 1919, in declaring that the net income of a corporation organized under the laws of another state "shall be ascertained by deducting, from the gross amount of its income received within the year from all sources within the state, taxes paid within the year imposed by the authority of the United States, paid within the state," is plain and unequivocal, and the foreign corporation doing business in this state is entitled to the deduction when three facts concur, namely: (a) when the taxes sought to be deducted from the gross income from all sources within the state have been paid within the year, (b) have been paid within the state and (c) have been imposed by the authority of the United States.

3. ———: **Deductions: Statutory Construction: Intention.** The language used in a statute being plain and unambiguous, a departure from its natural meaning is not justified by a consideration of its consequences or of public policy, nor can the courts permit a supposed legislative intent to prevail over its plain words.

4. ———: ———: ———: **All Taxes: Apportionment: According to Business Elsewhere.** The words of the statute (Sec. 13114, R. S. 1919) declaring that "taxes paid within the year imposed by the authority of the United States, paid within the state," shall be deducted from the gross amount of the income of a foreign corporation "received within the year from all

sources within the state," mean all Federal income taxes paid within the state. They do not authorize a deduction of only such proportion of the income tax imposed by the United States as the gross amount of the income of the corporation from business transacted and capital invested within the state bears to the gross amount of its income derived from all sources within and without the state. The taxes imposed by the United States and paid within the state do not mean simply the Federal taxes paid on business done within this state. Under the fourth clause of subdivision 2 of said statute, a corporation organized and existing under the laws of another state, in determining its taxable net income tax payable to the State of Missouri, is entitled to deduct from the gross amount of its income received within the year from all sources within the state (in addition to other deductions) all taxes paid by it upon its income earned upon its business within the United States and imposed by the authority of the United States and paid within the state for the year.

Corpus Juris-Cyc. References: **Statutes,** 36 Cyc., p. 1115, n. 2; p. 1116, n. 5. **Taxation,** 37 Cyc., p. 1020, n. 6 New.

## *Certiorari.*

RECORD QUASHED.

*Jourdan & English* for relator.

(1) By the statutes of the United States, a corporation is obliged to make its return for taxation and pay its income taxes to the collector of internal revenue within the district where it has its principal office (In this case, the city of St. Louis.) 43 U. S. Stat. L. 288, sec. 241. (2) The statute fixing the Missouri income tax to be paid by a foreign corporation is specific as to the method by which the net income of such corporation is to be ascertained, and as to foreign corporations the statutes requires a return of gross income received from sources within the State and requires a deduction of the taxes paid within the year imposed by authority of the United States paid within the State. R. S. 1919, sec. 13114. (3) Revenue statutes are to be strictly construed in favor of the taxpayer and against the State. State ex rel. Nat. Life Ins. Co. v. Hyde, 292 Mo. 352; In re Estate of Clark, 270 Mo. 351, syl. 6; State ex rel. Am. Central Ins. Co. v. Gehner, 280 S. W. 416. (4) All statutes must be construed *in pari materia* and the courts in construing such statutes should take into consideration not only portions of the statute in question but laws enacted at the same or even a prior session of the Legislature. Grimes v. Reynolds, 184 Mo. 688; Curtwright v. Crow, 44 Mo. App. 568; Dworkin v. Caledonian Ins. Co., 285 Mo. 342, 363. (5) Where an income tax statute requires a return of gross income with deductions of specific items therefrom to ascertain net income, and as to one item of deduction the Legislature authorizes such deduction not in excess of a propor-

tionate amount, and as to a second item of deduction omits to say anything about proportions, it is evident that the Legislature intended to treat the two items differently, and by avoiding the use of terms indicating a proportionate part for such second item of deduction intended that the whole item should be deducted. The converse of a proportion is the whole, and the whole item will be deducted, and a proportionate deduction cannot be read into the statute by the court. State ex rel. v. Glaves, 268 Mo. 106.

*North T. Gentry,* Attorney-General, *George W. Crowder,* Assistant Attorney-General; *A. R. Morse,* Attorney for State Auditor; *Julius T. Muench,* City Counselor, and *Oliver Senti,* First Associate Counselor, of counsel, for respondents.

. (1) In construing a statute, effect is to be given, if possible, to every word and clause in a sentence. It is the duty of the court, so far as practical, to reconcile the different provisions so as to make them consistent and harmonious and give a sensible and intelligent effect to each. 36 Cyc. 1128. (2) It is the universal rule in the exposition of statutes that the intent of the law, if it can be clearly ascertained, shall prevail over the letter, and this is especially true where the precise words, if construed in the ordinary sense, would lead to manifest injustice. Taxing statutes, like other statutes, should be construed in accordance with this rule. Lionberger v. Rowse, 43 Mo. 67; Lionberger v. Rowse, 9 Wall. 468, 19 L. Ed. 721; Cooley on Taxation (4 Ed.) sec. 505; State ex rel. v. Gehner, 286 S. W. 117.

BLAIR, J.—This is an original proceeding by *certiorari,* whereby relator seeks to quash the assessment of income taxes against it for the year 1925 by the Board of Equalization of the City of St. Louis. The pleadings are the petition of relator, the return of respondent, setting forth the records of the Board of Equalization, and relator's motion to quash the record of respondent.

The facts are not in dispute. · They are concisely stated in the record made by respondent board when it assessed the tax in question. We quote therefrom as follows:

"The board finds and determines from the evidence that Liggett & Myers Tobacco Company is and at all times herein mentioned was a corporation organized and existing under the laws of the State of New Jersey, and duly licensed to do business in the State of Missouri and having its principal office and place of business in the city of St. Louis, Missouri; that a blank form for the making of income tax returns to the State of Missouri for income received during the year 1925 by said company was duly served by the Assessor of the City of St. Louis, Missouri, upon said Liggett & Myers Tobacco Company, and said corporation in due and proper time prepared a return

truly stating the gross amount of its income received within the year 1925 from all sources within the State of Missouri, in the amount of $1,673,053.36; that from said gross amount of its income the said Liggett & Myers Tobacco Company returned deductions therefrom as authorized in the first, second and third clauses of the second subdivision of Section 13114, Revised Statutes of Missouri for the year 1919, which deductions from said gross income amounted in the aggregate to $850,447.76.

"The board further finds that said Liggett & Myers Tobacco Company made a further deduction from the said gross amount of its income for taxes paid within the year imposed by the authority of the United States in the amount of $1,789,427.58, and also deducted from the gross amount of said income, taxes paid within the year imposed under the authority of the State of Missouri and its political subdivisions in the amount of $40,667.73, and that when said deductions were made the total amount of said deductions exceeded the amount of said gross income from all sources within the State of Missouri by $1,007,489.71.

"The board further finds that the said amount deducted for taxes imposed by the authority of the United States truly and correctly represents the amount of income taxes imposed by the authority of the United States and paid during the year 1925 to the Collector of Internal Revenue of the United States at and within the State of Missouri, and the board further finds that the said amount deducted for taxes paid within the year 1925 imposed by the authority of the State of Missouri and the city of St. Louis in the amount of $40,667.73 is true and correct.

"However, the board finds that the said amount of taxes so paid within the year 1925 imposed by the authority of the United States represents the amount paid to the United States for income taxes assessed against said Liggett & Myers Tobacco Company by the authority of the United States upon the income of said Liggett & Myers Tobacco Company from all sources within the United States, and the board finds that the proportion of said income tax imposed by the United States which the gross amount of the income of said Liggett & Myers Tobacco Company for the year 1925 from business transacted and capital invested within the State bears to the gross amount of its income derived from all sources within and without the State amounts to $79,736.89; and the board, therefore, orders the said deduction of $1,789,427.58 for taxes paid within the year imposed by authority of the United States reduced to the sum of $79,736.89, notwithstanding that all said taxes imposed by the authority of the United States were paid within the State of Missouri; and the board, therefore, finds that said Liggett & Myers Tobacco Company is taxable for income taxes to the State of Missouri on the

amount of $702,200.98, and orders that said assessment be made against said company for income taxes for the year 1925 in said amount.''

It is not necessary to detail the steps taken by relator in resisting the order of the Board of Equalization. The appropriateness of relator's remedy by *certiorari* is not challenged. The sole question is whether or not, in determining its net taxable income in this State, relator is entitled to deduct from the gross amount of its income from its business within the State of Missouri in the year 1925 all taxes paid by it in the State of Missouri and within said year and imposed by the authority of the United States upon its income from all sources within the United States. If so, the record of the Board of Equalization should be quashed. If not, our writ should be quashed.

Respondents' contention is clearly stated as follows:

''We respectfully submit that taxes imposed by authority of the United States, paid within the State, means Federal taxes paid on business done within this State and does not mean such Federal taxes paid by a foreign corporation as have undergone the process of being carried or sent to a United States Internal Revenue Collector who is located within this State; that it was the intention of the Legislature to tax the income of all foreign corporations, and it was not its intention to permit foreign corporations having their principal office here to deduct Federal taxes on all their business regardless of where conducted and thus put them in a position more favorable than other foreign corporations having their principal office elsewhere.''

It is admitted that, while relator is a corporation organized under the laws of the State of New Jersey, its principal office is in St. Louis, Missouri. It was therefore required to and did make its return for Federal income taxes to the Collector of Internal Revenue of the United States in said city of St. Louis and to include in such return all its income from all sources in the United States. It is also admitted that relator paid such Federal income taxes in this State.

Volume 43 U. S. Statutes at Large, 288, Section 241, among other things, provides: ''Returns shall be made to the collector of the district in which is located the principal place of business or principal office or agency of the corporation, or, if it has no principal place of business or principal office or agency in the United States, then to the collector at Baltimore, Maryland.''

Section 13114, Revised Statutes 1919, makes provision for ascertaining the income tax due from corporations. Subdivision 2 thereof is applicable to relator and so much thereof as is material here reads as follows: ''(2) In the case of a corporation, joint stock company or association, organized, authorized or existing under the laws of any other state, such net income shall be ascertained by

deducting from the gross amount of its income received within the year from all sources within the state: . . . Fourth—Taxes paid within the year imposed by the authority of the United States or its territories or possessions, or under the authority of any state, county, school district or municipality, or other taxing subdivision of any state, paid within the state, not including those assessed against local benefits.''

Deductions were made under clauses first, second and third of said Section 13114. Such deductions are not questioned here. Nor are the deductions for taxes to the State of Missouri and its political subdivision questoned. The construction to be put upon clause fourth above quoted will necessarily dispose of the only question in the case. It is the contention of respondents that deduction should not be made for all Federal income taxes paid by relator in this State and that no deductions should be allowed for such payments, except such part thereof as may be determined by the ratio which relator's income on business done in this State bears to its total income from all sources in the United States.

Relator paid all its Federal income taxes for the year 1925 to the United States Collector of Revenue at St. Louis, Missouri. Such payment was therefore a tax ''paid within the year imposed by the authority of the United States'' and ''paid within the State.'' So far as we are here concerned only three requirements are made by the fourth clause. The taxes sought to be deducted from the gross income from all sources within the State must have been paid within the year, must have been paid within the State and must have been imposed by authority of the United States. The tax payment which relator seeks to deduct meets every requirement of the statutes. Under the plain wording of the fourth clause of subdivision 2 of Section 13114, such payment constituted an authorized deduction ''from the gross amount of its income received within the year from all sources within the State.''

Respondents contend that ''the intent of the law, if it can be clearly ascertained, shall prevail over the letter, and this is especially true where the precise words, if construed in the ordinary sense, would lead to manifest injustice.'' That rule can have no application where the language used by the Legislature is plain and unambiguous, nor does it mean that the courts may declare the law to be such as the Legislature should have declared it to be.

''In the interpretation of statutes words in common use are to be construed in their natural, plain, and ordinary signification. It is a very well-settled rule that so long as the language used is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequences, or of public policy; and it is

the plain duty of the court to give it force and effect.'' [36 Cyc. 1114.]

The foregoing rule has an exception where the literal construction will make the act absurd or will lead to injustice. We find no such absurdity here. The words ''taxes . . . paid within the State'' include *all* Federal income taxes paid within the State or they mean nothing at all. If corporations of other states doing business in Missouri cannot deduct *all* Federal taxes paid in Missouri, there is no statutory authority for *any* deductions whatever on that account. We are not authorized to say that the fourth clause should be construed as if it read: Such portion of the taxes paid within the year imposed by the authority of the United States and paid within the State as the gross income of the corporation from all sources in this State bears to the total gross income of such corporation from all sources in the United States.

As no provision is made for any reduction for Federal income taxes paid outside of Missouri, corporations organized under the laws of other states and having their principal offices in another state must, therefore, pay their Federal income taxes in such other state and can have no deductions at all in this State on account of payment of Federal income taxes. We have no means of determining what proportion of the corporations organized in other states and doing business in this State have their principal offices in this State and pay their Federal income taxes here. We assume, however, that such is the case with only a small percentage of such corporations. If so, permission to deduct when such payment is not made in Missouri would undoubtedly work more to the financial advantages of Missouri than would be the case if all foreign corporations doing business in this State were permitted to deduct for the payment of their Federal income taxes on a percentage basis in determining the amount of their net incomes upon which taxes are to be paid to this State. The Legislature may also have had in mind the possibility that the right to make such deductions would tend to induce foreign corporations doing business in Missouri to locate their principal offices here so that the state would get whatever benefit in a business way naturally attends such location.

The foregoing observations are merely made by way of suggestion that it is not unreasonable to say that the Legislature intended to permit the deductions contended for by relator and that such construction of the statute does not convict the Legislature of committing an absurdity or working an injustice to Missouri in enacting the statute in the form in which it appears.

In clauses first, second and third of subdivision 2 of Section 13114, the allowable deductions are determined with respect to the business done or property owned by the foreign corporation in this State.

But when it came to providing for deductions for taxes paid, the General Assembly, in plain and unambiguous words, fixed one of the tests for allowable deductions at payment in this State. We are not authorized to strike out the words "paid within this state" and, if we were so authorized, we are not authorized to legislate and say that a foreign corporation doing business in this State, in determining its taxable net income, may deduct from its gross income from all sources within this State such portion of its Federal income taxes as its income earned in Missouri bears to its total income earned in the United States.

We hold that the language used by the Legislature in subdivision 2 of Section 13114, clause fourth, is unambiguous and means exactly what it says, to-wit, that, in determining its taxable net income payable to the State of Missouri, a corporation organized and existing under the laws of some other state is entitled to deduct from the gross amount of its income received within the year from all sources within the state (in addition to other deductions) all taxes paid by it upon its income earned upon its business within the United States and imposed upon it by authority of the United States, if such Federal income tax has been paid within the State for the year in question.

Section 13114 is plain and unambiguous and requires no construction to ascertain the intent and meaning of the Legislature. If the policy thus plainly expressed is unwise or out of harmony with the general scheme of taxation of the State, the change to a wiser and more harmonious rule must come from the Legislature. Such change cannot be accomplished by judicial construction.

It follows that the action of the Board of Equalization of the City of St. Louis in reducing the deduction of relator on account of income taxes paid to the United States from $1,787,427.58 to $79,736.89, and thereby fixing the income of relator taxable in this State at $702,200.96, was wholly unauthorized and void, and its record establishing such assessment and now in the possession of respondent assessor should be quashed. Let our order go accordingly.

All concur, except *Ragland, J.,* who dissents, and *Gantt, J.,* who does not sit.