Lora Elsas, Appellant, v. Montgomery Elevator Company and American Mutual Liability Insurance Company.—50 S. W. (2d) 130.

Division One, May 31, 1932.*

*NOTE: Opinion filed at October Term, 1931, March 8, 1932: motion for rehearing filed; motion overruled at April Term, May 31, 1932.

*Cleary & Barnett* and *Denton Dunn* for appellant.

598

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, Cyrus Crane, Hugh E. Martin* and *Richard S. Righter* for appellees.

ATWOOD, J.—Marshall Elsas, while regularly employed in Missouri by the Montgomery Elevator Company under contract of employment made in Missouri, was injured November 4, 1926, and died on November 24, 1926, as a result of the injuries so received. A claim for compensation was filed by the widow on July 8, 1927, against appellees, Montgomery Elevator Company and American Mutual Liability Insurance Company, the latter the employer's insurer, which the Missouri Workmen's Compensation Commission declined to entertain on the ground that the Workmen's Compensation Act was not in effect on the date Elsas was injured. Thereupon, appellant herein applied to this court for a writ of mandamus to compel the commission to hear and determine the claim. Montgomery Elevator Company filed brief as *amicus curiae* in opposition thereto. On final hearing we ruled that the Workmen's Compensation Act was in effect when Elsas was injured, and our alternative writ was made absolute. [State ex rel. Lora Elsas v. Workmen's Compensation Commission, 318 Mo. 1004, 2 S. W. (2d) 796.]

Thereafter the commission proceeded to hear and determine this claim. Appellees' answer thereto contained two principal defenses, as follows:

First, that the claim for compensation was barred because it was not filed with the Compensation Commission within six months after the injury to and death of Elsas as the act requires.

Second, that appellee, Montgomery Elevator Company, did not regularly employ more than ten employees working in the State of Missouri, or whose contracts of employment were made in the State of Missouri, and was therefor a "minor employer" and not within the Compensation Act, having filed no election to come thereunder.

Claimant's reply denied the allegations of this answer, and averred that the Montgomery Elevator Company, having appeared as *amicus curiae* in the mandamus proceeding, our decision therein is *res adjudicata* respecting the commission's jurisdiction to hear and determine the claim here in question.

Upon a hearing before the commission on October 27, 1928, the parties filed a written stipulation to which was attached "Exhibit B" showing the number of persons employed by the Montgomery Elevator Company in Missouri and under contracts of employment made in Missouri for each week of the entire year previous to Elsas'

injury. Appellees conceded that more than ten men were regularly employed in the Elevator Company's factory at Moline, Illinois, but not in the State of Missouri nor under contracts made in this State. The commission on December 2, 1928, awarded compensation in the amount of $12,232. Attached to this award was a statement of facts which also contained the commission's rulings on questions of law.

With respect to the number of employees employed by Montgomery Elevator Company, the commission found as follows:

"Employer and insurer in their answer, deny generally all statements made in claim for compensation and specially deny that claimant has right to recovery for two reasons:

"First, that employer, the Montgomery Elevator Company, did not employ more than ten regular employees in Missouri, but admit in a stipulation filed and made a part of this record, that the Montgomery Elevator Company, an Illinois corporation, did employ at its home office in Moline, Illinois, more than ten regular employees, and a copy of the payroll of the Kansas City branch of the Montgomery Elevator Company, from November 5, 1925, to November 5, 1926, marked Exhibit 'B' shows that they have employed more than ten men for more than five and one-half working days in Missouri.

"On the record we find that at the time of the death of Marshall Elsas, the Montgomery Elevator Company was a major employer and subject to the provisions of the Missouri Workmen's Compensation Act.

"Section 4, paragraph (A), in defining a major employer reads: 'A major employer shall mean an employer who has more than ten employees regularly employed.' It does not read that they shall be employed in the State of Missouri."

With respect to the defense that the Statute of Limitations had run upon the claim for compensation because no claim was filed within six months following the accident, the commission found as follows:

"The records show that employee was injured on November 4th, 1926, from which he died November 24, 1926. No claim was filed with the commission for compensation for the death of Marshall Elsas before July 8, 1927.

"It is evident that claim has not been filed within six months from date of death and would be barred by the Statute of Limitations were it not for that part of Section 39 which reads: 'In case payment has been made on account of the injury or death, within six months from date of last payment.'

"The only payment made on account of the injury or death of Elsas was a payment of medical and hospital bill by the American

Mutual Liability Insurance Company, said payment being made on April 19, 1927.

"Is the payment of hospital and medical bill a payment of compensation within the meaning of the statute?

"Section 39 must be read in the light of Section 13. . . . It would seem from the wording of this section that it was the intent of the Legislature to regard the medical aid as part of the compensation as well as two-thirds of the employee's wages, and the payment of the medical bill on April 19, 1927, extended the time for filing claim so that employee or his dependents had six months from April 19, 1927, in which to file claim. Said claim having been filed on July 8, 1927, it was filed within the six months' limit, as required in Section 39."

Appellant filed petition for review by the commission of this award and introduced additional testimony respecting the contractual liability of American Mutual Liability Insurance Company to Montgomery Elevator Company under its policy of employers' liability insurance. The award was affirmed by the commission on review May 22, 1929, and an appeal was thereafter taken to the Jackson County Circuit Court, where the case was heard upon the transcript and papers certified from the commission, and the court set aside the award of the commission by its finding and judgment as follows:

"(1) That the Missouri Workmen's Compensation Commission in making an award in this case acted without or in excess of its powers.

"(2). That the facts found by the commission do not support the award made by the commission.

"(3) That the commission was without jurisdiction to make an award in favor of claimant, Lora Elsas, because the defendant, appellant, Montgomery Elevator Company, at the time of the injury to said Marshall Elsas which resulted in his death, under the facts found by the commission, and under the evidence contained in the stipulation of facts filed with the commission and embodied in the transcript certified to this court, was not a major employer in the State of Missouri within the meaning of the Missouri Workmen's Compensation Act, but was on the contrary, a minor employer in the State of Missouri, and was not at the time of the injury to and death of Marshall Elsas an employer who had so far as concerns the State of Missouri more than ten employees regularly employed within the meaning of the Missouri Workmen's Compensation Act.

"Wherefore, it is ordered, adjudged and decreed, that the award heretofore made in this cause by the Workmen's Compensation Com-

mission of the State of Missouri be and the same is hereby set aside and for naught held."

Claimant perfected her appeal from the foregoing judgment and here insists among other things, as she did below, that the commission correctly found (1) that the Montgomery Elevator Company was a major employer at the time her husband was injured and (2) that its payment of the hospital and medical bills incurred on account of the injury to her husband tolled the six months' period within which claim for compensation must be filed so that her claim was filed in time. If both of these contentions are sound the judgment of the circuit court should be reversed. █ If, on the other hand, the Montgomery Elevator Company must be classified as a minor and not a major employer the judgment should be affirmed because the stipulation of facts filed with the compensation commission shows that at the time Elsas was injured this company had not elected to come within the compensation act and its employment had not been rated as hazardous—steps necessary to be taken to bring a minor employer within the act. [Secs. 4 and 5, Workmen's Compensation Act, secs. 3302, 3303, R. S. 1929.]

█ If the commission's conclusions on appellant's above contentions rest on findings of fact supported by any competent evidence they are binding upon any court of review. [State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 8 S. W. (2d) 897, 899, 320 Mo. 893.] However, we do not understand that the commission made any finding of fact that at the time Elsas was injured the Montgomery Elevator Company regularly employed more than ten men in the State of Missouri or under a contract of employment made in that State, or that the record would justify such a finding or that appellant now contends that such were the facts. The commission's finding for claimant under this head was evidently based on its stated conclusion of law growing out of a literal interpretation of the definition, appearing in the act itself, of a major employer. Such a finding is not conclusive upon the courts but is a proper subject for judicial review. Preliminary to a consideration of this question we call to mind certain provisions of the act.

█ Section 6 of the act (Laws 1927, p. 490), Section 3304, Revised Statutes 1929, defines an employer as "every person, partnership, association, corporation, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay." Section 7 of the act, Section 3305, Revised Statutes 1929, insofar as here applicable, reads as follows: "The word 'employee' as used in this chapter

shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, but shall not include persons whose average annual earnings exceed three thousand six hundred dollars." Major and minor employers are thus defined in Sec. 4 of the act, Sec. 3302, Revised Statutes 1929: "(a) A major employer shall mean an employer who has more than ten employees regularly employed. (b) A minor employer shall mean an employer who has ten or less employees regularly employed."

Counsel for appellees contend that the foregoing definitions of major and minor employers should be read and understood as though the General Assembly had appended to each some such words as *in or working under contracts of employment made in Missouri*, and this seems to have been the interpretation adopted by the circuit court. The definitions are plain and complete without such interpolations. If it was the legislative intent that the employees referred to should be only those regularly employed in or working under contracts of employment made in Missouri surely proper words of limitation would be found in the act itself, and the contrary intent is made conspicuous by their absence. The language actually used is so plain as to leave no room for construction. In such case we should not read into the enactment words that are not found therein either by express inclusion or by fair implication. [28 R. C. L. sec. 52, p. 757; Span v. Mining Co., 16 S. W. (2d) 190, 196, 322 Mo. 158; State ex rel. Cobb v. Thompson, 319 Mo. 492, 5 S. W. (2d) 57; State ex rel. v. Gehner, 316 Mo. 1075, 1080, 292 S. W. 1028; State ex rel. v. Board of Education, 294 Mo. 106, 115, 242 S. W. 85.]

But, counsel say, such limitation should be implied because "the Compensation Act of Missouri only applies to employees employed in the State of Missouri or employed under contracts of employment made in the State of Missouri, and it is absurd to count as employees, for the purpose of determining whether the employer comes under the Act, *persons who are not subject to the Act.*" Wherein is it absurd? It is argued that if the commission's interpretation is permitted to stand, "then logically each employee of the Montgomery Elevator Company in the State of Illinois would be subject to the Missouri Act." We are unable to conceive of such a consequence and the cited cases of New York Life Insurance Co. v. Head, 234 U. S. 149, and Stone v. Blackmer & Post Pipe Co., 27 S. W. 459, 224 Mo. App. 319, do not indicate that such would follow. The classification of employers is for the sole purpose of determining when *they*

come within the act. Other provisions determine when *employees* are subject to this law.

Furthermore, all parts of an act should be made effective if possible so as to give it the wide applicability intended. Now what does the act itself say as to its applicability? Subdivision (b) of section 12, Section 3310, Revised Statutes 1929, reads as follows:

"This chapter shall apply to all injuries received in this State, regardless of where the contract of employment was made, and also to all injuries received outside of this State under contract of employment made in this State, unless the contract of employment in any case shall otherwise provide."

Suppose an employer under contracts of employment made outside this State "has more than ten employees regularly employed" outside this State and less than that number employed inside this State, but one of the latter group is injured "by accident arising out of and in the course of his employment" while in the State of Missouri. Under the above quoted provision the injured employee is entitled to the full benefit of the Missouri Workmen's Compensation Act, an essential feature of which is the presumption, afforded by Section 2 of the act, Section 3300, Revised Statutes 1929, that his employer having "more than ten employees regularly employed" is within the act, unless prior to the accident his employer "shall have filed with the commission a written notice that he elects to reject this act," or unless, under subdivision (e) of section 4 of the act, Section 3302, Revised Statutes 1929, the employment of the employee is not hazardous and the employer has filed with the commission such employee's written consent to his exemption from the act. Of such a presumption, the Supreme Court of New Jersey, speaking through SWAYZE, J., in case of American Radiator Co. v. Rogge, 92 Atl. 85, 86 (affirmed in Court of Errors and Appeals, 87 N. J. L. 314, 93 Atl. 1083), said:

"The real object of the statute was to create an irrebuttable presumption in the absence of express statement or notice, and the creation of a presumption irrebuttable except in these ways, although it may be in form a mere rule of evidence, is in effect a rule of substantive law."

And yet, if the legislative definition of a major employer be amended by judicial construction as counsel for appellees contend it should, such an employee would be deprived of this valuable presumption and the compensation act would be without any applicability to him, notwithstanding he was injured in this State, unless, perchance, his employment had been determined to be hazardous or his employer had filed with the commission an election to accept the provisions of the act. (Fifth provision of Section 5 of the

act, Section 3303, R. S. 1929.) The policy of the act would thus be thwarted to the extent that such an interpretation would thwart the expressed intention of broad applicability of the act. The terms of the act are to be liberally construed to effectuate its purpose. [Section 76 of the act, Section 3374, R. S. 1929; Pruitt v. Harker (Mo. Sup.), 328 Mo. 1200, 43 S. W. (2d) 769, 773.] We think the compensation commission was correct in giving the definition of a major employer its plain unrestricted meaning, and the circuit court erred in construing it otherwise.

We come now to appellant's second contention, that appellee American Mutual Liability Insurance Company's payment in April, 1927, of the hospital and medical bills incurred on account of her husband's injuries tolled the six months' period within which claim for compensation should be filed with the commission so that her claim filed July 8, 1927, was filed in time. Section 39 of the act, Section 3337, Revised Statutes 1929, insofar as here applicable, is as follows:

"No proceedings for compensation under this chapter shall be' maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment."

Section 21 (a) of the act, Section 3319 (a), Revised Statutes 1929, insofar as here applicable, is as follows:

"If the injury causes death, either with or without disability, the compensation therefor shall be as provided in this section.

"(a) In all cases the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial of the deceased employee not exceeding one hundred and fifty dollars, and, if not covered by the provisions of section 13, the reasonable expense of his last sickness not exceeding two hundred and fifty dollars."

Section 13 (a) of the act, Section 3311 (a), Revised Statutes 1929, insofar as here applicable, is as follows:

"In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first sixty days after the injury or disability, to cure and relieve from the effects of the injury, not exceeeding in amount the sum of two hundred and fifty dollars, and thereafter such additional similar treatment within one year from the date of the injury as the commission by special order may determine to be necessary."

The expense of "last sickness" and the expense of "medical, surgical and hospital treatment" are both thus expressly referred

to in the act as "compensation," and any such expense under the evidence in this case must have been "on account of the injury" to claimant's husband. In the stipulation signed by both parties and filed in the case it is stated that in April, 1927, medical and hospital bills for the last illness of Marshall Elsas covering the period from November 4, 1926, to November 24, 1926, were paid by the American Mutual Liability Insurance Company, and at the trial it was admitted that the aggregate amount of these bills was $220. The commission properly concluded that under the plain terms of the act payment of these bills was a payment of compensation "made on account of the injury" to claimant's husband.

█ Counsel for appellees, however, insist that such payment did not toll the six months' period as provided in above quoted Section 3337, Revised Statutes 1929, because, they say, it was not made under the Workmen's Compensation Act. The only evidence offered in support of this assertion was the testimony of the insurance company's claim agent, to the admission of which timely objection was made, that he did not make this payment "on account of or in conformance with any provision of any Workmen's Compensation Act of the State of Missouri." This witness also testified, over objection timely made, that up until the latter part of August or the first part of September, 1927, he handled this case "on the theory that it was a case involving common-law negligence." Nowhere in the record does it appear that he or anyone else ever disclosed to claimant the theory of liability upon which these bills were paid. Since the compensation act plainly states that in case of payment made "on account of the injury" a claim for compensation can be filled within six months from the date thereof, it will not be set at naught by what the insurer's claim agent thought as to whether liability was at common law or under the Compensation Act. Anyway, evidence of his undisclosed intent would be irrelevant and incompetent. [22 C. J. 175, sec. 114, n. 75 (a).] Nor is "a plaintiff required to show affirmatively that the debtor intended that the part payment should start the statute anew, since the intention is presumed from the bare fact of payment unaccompanied by a denial of such intention." [37 C. J. 1145, n. (b).]

Furthermore, the record here shows that Rider 3 attached to the policy of liability insurance issued by the insurer to the employer in this case, dated November 1, 1926, and effective until November 1, 1927, contained this recital: "It is hereby agreed that the insurance provided by the policy to which this endorsement is attached is extended to include insurance against loss because of the obligations imposed upon the insured by the Workmen's Compensation Act of Missouri, and this Company, as insurer, hereby accepts and

agrees to the provisions and requirements of Section 28 of said Act, and all other provisions and requirements of the Act, etc.'' It appears that the employer's request for payment of these bills was referred to the insurer's home office, and with all these facts before it these bills were paid without the slightest suggestion in the record that the payment was not made in compliance with the Compensation Act. The finding and conclusion of the commission on this feature of the case are amply .sustained by the evidence. There is nothing in the record tending to show that the insurer made this payment as a charity or gratuity. We have carefully examined the cases cited by appellees on this point and find them distinguishable from the instant case by reason of the particular statutes or the facts involved.

Other points are urged by appellant but in view of our conclusions already announced they need not be ruled. For the reasons above stated the judgment of the circuit court is reversed and the cause remanded with direction to enter judgment in accordance with the commission's award. All concur.