STATE OF MISSOURI at the relation of ST. LOUIS CAR COMPANY, a Corporation, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals of the City of St. Louis.—131 S. W. (2d) 558.

Division Two, September 12, 1939.*

*Watts & Gentry* and *Lehmann & Lehmann* for relator.

*NOTE: Opinion filed at September Term, 1938, April 20, 1939; motion for rehearing filed; motion overruled at May Term, 1939, July 7, 1939; motion to transfer to Court en Banc filed; motion overruled at September Term, 1939, September 12, 1939.

*Geers & Geers* for respondents.

WESTHUES, C.—Relator, St. Louis Car Company, instituted this certiorari proceeding to quash the opinion and record of the St. Louis Court of Appeals in the case of Kearley v. St. Louis Car Co., 111 S. W. (2d) 976. Relator urges that respondents' opinion is in

conflict with the following decisions of this court. [State ex rel. Wors v. Hostetter, 343 Mo. 945, 124 S. W. (2d) 1072; State ex rel. Weaver v. Missouri Workmen's Compensation Commission et al., 339 Mo. 150, 95 S. W. (2d) 641; Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 16 S. W. (2d) 190; Gundelach v. Compagnie Generale Transatlantique, 41 S. W. (2d) 1.] We do not deem it necessary to set forth in full respondents' opinion wherein the facts are stated in detail. Briefly, the suit was an action at common law by Kearley against the St. Louis Car Company to recover damages for personal injuries alleged to have been sustained by Kearley at the plant of the St. Louis Car Company. Kearley was employed by the Electro-Motive Company, an Ohio corporation. The defendant, St. Louis Car Company, was a Missouri corporation with its plant located in St. Louis, Missouri. The Electro-Motive Company maintained a separate and distinct department at defendant's plant for the purpose of electrically equipping locomotives manufactured by the defendant Car Company. One of plaintiff's duties was to aid in moving locomotive trucks from the defendant's plant to the department operated by the Electro-Motive Company, where the trucks would be electrically equipped. Plaintiff was injured while engaged in moving some trucks and while on the premises of the defendant Car Company. His suit was based on the theory that he was injured through the negligence of the defendant's servants. The Car Company filed an answer consisting of a general denial and a plea of contributory negligence. There was a trial which resulted in a judgment for plaintiff, which judgment was affirmed by the St. Louis Court of Appeals.

Defendant Car Company had offered a demurrer to the evidence at the close of the case. This was denied and the ruling of the court thereon was preserved for review. Respondents in their opinion ruled that the demurrer was properly denied. Relator contends that this holding of respondents is in conflict with our rulings in the above cited cases. Relator contends that the evidence introduced by plaintiff disclosed that the case came within the jurisdiction of the Workmen's Compensation Commission and therefore the circuit court did not have jurisdiction and the demurrer should have been sustained. Respondents' ruling can be best understood by quoting that portion of the opinion dealing with this question. It reads:

"Since plaintiff's action against the defendant is based on common-law negligence, exemption from such liability by reason of the provisions of our Workmen's Compensation Act is a matter of defense to be asserted by the defendant in his answer, and need not be negatived in plaintiff's petition. Absent such a plea defendant will not be permitted to affirmatively show such exception. [Span v. Coal & Mining Co., 322 Mo. 158, 16 S. W. (2d) 190.] If, however, facts which bring the case within an exception created by the statute ap-

pear from the face of the petition, it is demurrable. [Warren v. American Car & Foundry Co., 327 Mo. 755, 38 S. W. (2d) 718.]

"In the instant case, though the petition does not allege facts which would bring the case within the exception of the common-law liability as for negligence by reason of the applicability of the Missouri Workmen's Compensation Act, and the defendant failed to set up such exception as an affirmative defense by way of answer, it is defendant's contention that from plaintiff's petition and plaintiff's own evidence it appears, as a matter of law, that defendant's liability, if any, to plaintiff for the injuries which he sustained, came under the provisions of the Missouri Workmen's Compensation Act, and that defendant's obligations, if any, to plaintiff under the provisions of the act have been fully discharged, and therefore the trial court erred in overruling the peremptory instruction offered at the close of the case. Such is the applicable rule of law, if defendant's view of plaintiff's petition and plaintiff's evidence is correct. [Houts, Mo. Pleading & Practice, vol. 1, sec. 358; 64 C. J. 474; Sissel v. St. Louis & S. F. Ry. Co., 214 Mo. 515, 526, 113 S. W. 1104, 1107, 15 Ann. Cas. 429.]

" 'This is the reasonable rule and the common sense rule. It matters not upon what ground the plaintiff's evidence discloses the absence of a meritorious cause, if such evidence is made to appear to the court, the court has but one duty to perform, i. e., say so, by proper instruction to the jury. In so doing the court simply says to the plaintiff, "by your own proof you have no standing in a court of justice." ' [Sissel v. St. Louis & S. F. Ry. Co., supra.]

"But the rule sought to be invoked does not apply under the facts in the instant case. We concede defendant's contention that the allegation in plaintiff's petition may be viewed as showing that plaintiff met with his alleged injuries as an employee of the Electro Motive Company, doing work under contract on or about defendant's premises, which was an operation of the usual business which defendant there carried on, Section 3308(a), Rev. St. of Mo. 1929, Mo. St. Ann., sec. 3308(a), p. 8242, and that plaintiff testified that the Electro Motive Company had a number of employees and had compensation insurance, and that he had signed some paper at the request of his superintendent, which would enable Dr. Rosenfeld, who treated him in his office located in the plant of the defendant company, to receive remuneration for such services to him from the insurance company. This, however, is not sufficient to bring the case necessarily within the provisions of the Missouri Workmen's Compensation Act, and this for the reason that plaintiff testified that the Electro Motive Company, his employer, was an Ohio concern with headquarters in Cleveland. Whether this Ohio concern carried its workmen's compensation insurance under some law of the State of Ohio, or under the Missouri act, is not disclosed by the record. Nor

does the record disclose whether prior to the accident either the plaintiff or his employer had filed with the Missouri Workmen's Compensation Commission a written notice that he or it had elected to reject the act as is contemplated under Section 3300, Mo. St. Ann., sec. 3300, p. 8230.

"In this state of the record, having in mind that we are considering a demurrer, so that all of plaintiff's testimony must be taken as true, together with all reasonable inferences of fact that may be drawn therefrom, we conclude that the trial court properly ruled defendant's demurrer offered at the close of the case.

"This case has been tried three times in the circuit court, each time resulting in a verdict for plaintiff. Under the pleadings no issue was raised that the Missouri Workmen's Compensation Act applied, nor was the case tried on that theory. If defendant believed that the Missouri Workmen's Compensation Act was applicable to the case, under appropriate pleading the defendant could have adduced such testimony as it might have in support of such affirmative defense, and the plaintiff, being advised by the pleadings that such issue was raised, could have prepared to meet the same. The point is ruled against defendant.''

We are unable to discover any conflict in the above ruling with any of the opinions of this court in the cases cited. In State ex rel. Wors v. Hostetter, 343 Mo. 945, 124 S. W. (2d) 1072, this court refused to quash the opinion of the Court of Appeals in Wors v. Tarlton, 95 S. W. (2d) 1199. The plaintiff in that case had been paid compensation under the Compensation Act by his immediate employer. He sued to recover damages for his injuries from the Midwest Industrial Development Company and one Tarlton. These defendants filed an answer in which they set up as a defense the Missouri Workmen's Compensation Act, claiming that they were remote employers and were discharged when the immediate employer paid the plaintiff compensation under the Missouri Act. That was the issue in that case before this court on certiorari. The question of whether plaintiff's evidence disclosed that the case came within the Compensation Act was not an issue before this court. There is nothing in respondents' opinion, now under consideration, in conflict with any ruling in State ex rel. Wors v. Hostetter, supra.

State ex rel. Weaver v. Workmen's Compensation Commission, supra, was a proceeding in mandamus to compel the Compensation Commission to assume jurisdiction. Weaver was fatally injured in a car accident while traveling in this State for a New York concern, the Norwich Pharmacal Company, under a contract executed in Illinois. His widow sought compensation under the Missouri Act. The sole question before the court was whether the Missouri Act applied. Section 3310, Revised Statutes 1929 (Mo. Stat. Ann., p. 8245), was the section called in question in that case. The commission had de-

clined jurisdiction because it was of the opinion that since the contract was made in Illinois and the company's place of business was in New York, the Missouri statute did not apply, and even if it did the Illinois law also applied and that State should have jurisdiction because of the full faith and credit clause of the Federal Constitution. This court decided the Compensation Commission should assume jurisdiction. It is evident that the respondents' opinion is not in conflict with that case. In Span v. Jackson-Walker Coal & Mining Co., supra, a suit for personal injuries by Span against the Coal Company, a judgment for plaintiff was sustained by this court. Span was injured in Kansas. He had rejected the Kansas Compensation Act. The question for decision insofar as concerns the present controversy was whether Span had complied with the Kansas law in rejecting the act so as to enable him to maintain an action at common law. This court ruled that he had, and denied defendant's contention that he had not. In that case the defendant plead the Kansas Compensation Law as a defense, maintaining that Span had not properly notified the defendant of his rejection of the act. In none of the cases cited was the question presented to this court of whether the plaintiff's evidence disclosed that his case came within the Missouri Compensation Act when the act had not been pleaded as a defense by the defendant.

In relator's brief it is also urged that respondents' opinion is in conflict with a well recognized principle of law that an instruction, which is not authorized by the evidence, is erroneous. This court has often so held, as the case of Gundelach v. Compagnie Generale Transatlantique, supra, indicates. In the case before us the trial court gave an instruction which submitted to the jury the question of whether the defendant negligently and without signal or warning to plaintiff caused the tractor to run against the locomotive truck and injure the plaintiff. Respondents' opinion disclosed facts which in our opinion justified the instruction, and therefore there was no conflict between respondents' opinion and the case referred to. We quote the following from respondents' opinion with reference to this question:

"Plaintiff's father testified that he was an eyewitness on the occasion that his son met with his alleged injury, and that as his son 'stepped in to get the leads and throw them up, and about that time, for some reason, he (defendant's employee) gave the trucks a quick kick with the tractor, and they came together, catching plaintiff's knee in between the channel iron frame of the two trucks.' And plaintiff himself testified that he had 'stepped up to the truck and leaned over far enough to get hold of these leads or motor wires and throw them back over the top of the trucks to get them out of the way. The next thing I knew I felt my right knee caught.' This testimony is sufficient to warrant the submission to the jury as to whether or not a signal or warning had been given.''

In addition to the above, the opinion also discloses that the operator of the motor truck called to plaintiff that the leads were hanging down, and that plaintiff said: "All right, wait a minute." Whereupon plaintiff stepped between the trucks for the purpose of throwing the leads over the top of the truck, but was injured before he accomplished his task. The evidence justified an inference that the defendant's servant moved the truck without notice to Kearley.

Finding no conflict our writ of certiorari is quashed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.