HILDA THOMAS, RESPONDENT, V. BAKER-LOCKWOOD MANUFACTURING COMPANY, INCORPORATED, A CORPORATION, AND CONSOLIDATED UNDERWRITERS, A CORPORATION, APPELLANTS.—163 S. W. (2d) 117.

Kansas City Court of Appeals.   May 25, 1942.

John A. McGuire for respondent.

*Morrison, Nugent, Berger, Byers & Johns* and *R. L. Hecker* for appellants.

BOYER, C.—This is an appeal from a judgment of the circuit court reversing an award of the Workmen's Compensation Commission. The award was a denial of the claim on the ground that it had not been filed in time; that it was barred by limitation of law, and that the Commission had no jurisdiction.

The judgment of the court recites that the court found as a matter of law, on undisputed facts, that the claim was filed within hix months after payment had been made on account of the injury; and that the Commission had jurisdiction. The award denying compensation was

reversed and the case remanded. From said judgment the appeal has been properly lodged here, and by stipulation of the parties the case is presented upon an abbreviated abstract. It is agreed that the appeal involves only a question of law arising upon admitted facts.

It appears from the claim and the answer thereto that respondent was claimant and appellants were respectively employer and insurer. The answer tendered the plea that the claim was barred by limitation. The case was heard by a referee who found in favor of the employer and insurer and against the claimant and no compensation was awarded for the reason assigned in the award that the claim was not filed within time required by statute and was barred. The award was accompanied by findings of fact and rulings of law. Upon review by the Commission the same conclusion was reached and the award of the referee was affirmed. The final award of the Commission on review was also accompanied by findings of fact and rulings of law. It is agreed by both parties that the findings of fact made by the referee and by the Commission are the facts upon which the question of law is to be determined. There is no question in this case but that the relationship of employer and employee existed; that the employee was injured; and that the Workmen's Compensation Law applies to the case. The facts upon which the question of law arises are these:

The employee sustained an injury June 15, 1939, which arose out of and in the course of her employment. Medical treatment was provided by the employer and insurer which terminated January 5, 1940; no money was paid the employee as compensation for or on account of the injury. At the instance of the employer and insurer, and as part of the treatment by one of the doctors, certain X-ray pictures were made by Dr. Virden on November 20, 1939; Dr. Virden was paid for his services by the employer and insurer on January 29, 1940; the claim for compensation was filed July 26, 1940.

The question of law arising upon these facts is this: When did the Statute of Limitation begin to run? Was it on January 5, 1940, when the last medical services were furnished by the employer and insurer, or was it January 29, 1940, when Dr. Virden's bill was paid? Appellants contend for the former; respondent for the latter. The judgment of the circuit court disposed of the question in the following paragraph:

"On the undisputed fact that the employer and insurer paid their Dr. Virden's bill on January 29, 1940, and on the undisputed fact that the claim for compensation was filed July 26, 1940, the court declares as a matter of law that the claim was filed within six months after payment had been made on account of the injury and therefore the Commission is vested with jurisdiction to entertain this claim. [Sec. 3727, R. S. Mo. 1939; Elsas v. Montgomery Elevator Co. (Mo.),

50 S. W. (2d) 130; McFall v. Barton-Mansfield Co. (Mo.), 61 S. W. (2d) 911.] "

The foregoing is an adoption of respondent's contention that payment of the doctor's bill was payment "on account of the injury," and a rejection of the contention of appellants that payment "on account of the injury," within the meaning of the statute, was the rendition of medical service and that the payment of the doctor's bill was not payment to the employee or any part of compensation due her.

Respondent relies particularly upon the cases cited above, in the conclusion of the circuit court, and contends that both of said cases expressly rule the point of law presented in the case at bar as the circuit court ruled it and as respondent claims it should be ruled.

Appellants contend that the opinions in those cases are not applicable or controlling; and rely particularly upon a later opinion of the Supreme Court in the case of McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S. W. (2d) 1067, and various sections of the Workmen's Compensation Law, and numerous other cases construing said sections, all of which are said to support the position of appellants. When learned and eminent counsel thus present directly opposite views of the meaning and effect of the Supreme Court decisions and the law that should control the decision here, it is evident that a critical examination is required, and a careful consideration of the cases and of the statute is demanded.

Preliminary to a review of the three Supreme Court cases mentioned, it is appropriate to notice certain provisions of the Workmen's Compensation Law, and the settled meaning attributed to them by judicial construction. Sec. 3701, Revised Statutes Missouri, 1939, provides that in addition to other compensation, the employee shall receive and the employer shall provide such medical treatment as may reasonably be required to cure and relieve the effects of the inury in an amount and to the extent limited therein. Section 3727, Revised Statutes Missouri, 1939, provides:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment."

Compliance with the limitation provision is essential as a condition precedent, and is of the essence of the right, to prosecute a claim before the commission; and unless a claim is timely filed the commission has no jurisdiction to award compensation. [Wheeler v. Missouri Pacific Ry. Co., 328 Mo. 888, 42 S. W. (2d) 579; Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565.]

If a claimant has a compensable injury he is entitled to such medical and hospital treatment as the statute allows as a part of the compen-

sation due. When the employer provides medical treatment to an injured employee it is a payment "made on account of the injury" within the meaning of the limitation section, 3727, and tolls the statute until the date of the last treatment. When the claim is filed within six months from the date of the last medical service received by the employee at the instance of the employer or his insurer it is filed in time, and this is true "whether the employer or insurer has actually made payment for such services to the physician or not." [McEneny v. S. S. Kresge Co., 333 Mo. 817, 824, et seq.; 62 S. W. (2d) 1067, 1070; Mussler v. American Car & Foundry Co., 149 S. W. (2d) 429, 431; Morrow v. Orscheln·Bros. Truck Lines, Inc., 235 Mo. App. 1166, 151 S. W. (2d) 138, 142; Blahut v. Liberty Creamery Co., 145 S. W. (2d) 506, 508; Parker v. St. Louis Car Co., 145 S. W. (2d) 484.]

In the case of Elsas v. Montgomery Elevator Co. et al., 330 Mo. 596, 50 S. W. (2d) 130, the employee was injured November 4, 1926, and died on November 24, 1926, as a result of said injuries. The widow of deceased filed a claim for compensation on July 8, 1927, against the employer and its insurer. There were two principal defenses set up in the answer to the claim. First, that the claim was barred because not filed within six months after the injury and death of the employee; and second, that the employer was a minor employer and had not elected to come under the provisions of the compensation act. The commission found and ruled that under the evidence the employer was a "major employer" and subject to provisions of the Workmen's Compensation Act; and, on the question of limitation and the timely filing of the claim, found that the insurer paid medical and hospital bills on April 19, 1927; that such payment was a payment of compensation and extended the time for filing the claim for six months thereafter, and the claim having been filed on July 8, 1927, was filed within the time required by the statute. The award was affirmed on review by the Commission and the employer appealed to the circuit court, which said court set aside the award of the Commission on the ground that the facts in evidence showed that the employer was not subject to the compensation act because it was a "minor employer." It does not appear that the circuit court ruled on the question of limitation. On appeal the Supreme Court ruled that the compensation commission was correct in finding that the employer was a major employer and that the Circuit Court erred in construing the law otherwise. The court then proceeded to consider the second contention of claimant that the payment of hospital and medical bills made by the insurer in April, 1927, tolled the statute and that the claim having been filed July 8, 1927, was filed in time. Various provisions of the statute are referred to, including what is now Section 3709, Revised Statutes Missouri, 1939, providing for compensation in cases of injury causing death, a part of which statute reads:

"In all cases the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial of the deceased employee not exceeding $150, and if not covered by the provisions of Sec. 3701 the reasonable expense of his last sickness not exceeding $250."

Such expenses, the court said, are referred to in the act as compensation and any such expense under the evidence in this case must have been on account of the injury to claimant's husband. A stipulation filed in the case was to the effect that the insurer paid medical and hospital bills for the last illness of the deceased covering the period from November 4 to November 24, 1926, and that said payment was made in April, 1927. Counsel for the employer and the insurer contended that the payment was not made under the Workmen's Compensation Law and did not toll the statute; that the case had been handled by the insurer's claim as one involving common-law negligence. The court ruled that since the compensation act plainly stated that in case of payment made "on account of the injury" a claim for compensation can be filed within six months from the date thereof, it will not be set at naught by what the insurer's claim agent thought as to whether liability was at common-law or under the compensation act. It further appears that the employer requested the insurer to pay the bills and that this request was referred to the home office of the insurer and payment was made as stated. Under the facts recited by the court, it was held that the claim was filed in time.

While the decision in this case fixes the date of payment of medical and hospital bills as the date from which the limitation period was to run, there are features of the case which distinguish it from the case in hand. It does not appear that the specific issue which is raised in the instant case was presented, considered or ruled. That is, an issue demanding a choice between the date that the last authorized medical service was rendered by the employer, and the date on which the insurer paid the doctor, as the one from which to count time of limitation. No such issue could arise on the stated facts. There is no showing that the employer or insurer either furnished or authorized medical and hospital service. There was no admission of liability therefor except that which may be found from the fact that bills for such service were paid eventually by the insurer. The employer requested the insurer to pay these bills, but there is no showing as to when the request was made. The employer continuously maintained that it was not subject to the compensation law. The payment itself, on the date made, was apparently the only evidence in the case of any admission or acknowledgment on the part of the employer or insurer or liability for the bills, and this was the first and only time that any payment of any character was made. There is some difference in the wording of the sections of the statute applicable to a death claim and to compensation payable for an injury not resulting in death. Sec-

tion 3709, applicable to injuries resulting in death, specifically provides that "in all such cases the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial . . . and, if not covered by the provisions of Section 3701, the reasonable expense of his last sickness . . ." Section 3701, applicable to cases of injury not resulting in death, provides that "in addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment . . . as may reasonably be required . . ." In a death case the employer is required to *pay to the persons furnishing the same* the reasonable expense of the last sickness of the injured employee. In a case of injury merely, it is provided that the employee shall *receive* and the employer shall *provide* medical and hospital treatment. Whether this distinction had anything to do with the ruling in the Elsas case is not expressly shown, but the statute is quoted, and the inference is that it had weight under all the circumstances in that case in fixing the date of payment of bills as the beginning of the limitation period for that death claim.

In the case before this court for disposition there never was any issue or question about the parties being subject to the compensation law. The employee *received* and the employer *provided* medical treatment, and when the employee *received* such treatment so *provided* there was payment then and there on account of the injury. The law on that question is firmly established by the cases cited above.

It is appropriate to refer to what the Supreme Court says about the interpretation and application of opinions. In the case of State ex rel. v. St. Louis, 241 Mo. l. c. 238, is the following admonition:

"There is a pronounced line of demarkation between what is *said* in an opinion and what is *decided* by it—between arguments, illustrations and references on one side and the judgment rendered on the other. The language used by a judge in his opinion is to be interpreted in the light of the facts and issues held in judgment in the concrete case precisely as in every other human document. . . . It would be a wide and very mischievous departure from correct canons of interpretation to disconnect general language from the issues and facts of a given case and to apply that general language mechanically or automatically to the different facts and different issues of another case; for the sense must be limited according as the subject requires, and words take color from their context."

Interpreting the Elsas opinion in the light of the facts and issues held in judgment, it does not appear to rule the specific issue in the instant case, nor to rule upon a similar state of facts. Whether it is controlling authority to support the employee's contention must also be determined in view of later rulings of the same court presently considered.

The case of McFall v. Barton-Mansfield Co., 333 Mo. 110, is also relied upon by the employee as authority for her position that the date of payment of the doctor's bill, instead of the date when the last medical treatment was received, is the day from which to count the time of limitation. The facts distinguish the case from the one in hand. The claim was filed in time, not solely because the doctor was paid within six months before the filing of the claim, but also because the medical attention was provided and received within that period. Reference to the date of payment of the doctor's bill was wholly irrelevant and unnecessary to sustain the finding that the claim was timely filed.

A later case of the Supreme Court, which appears to be more nearly in point, is McEneny v. S. S. Kresge Co., 330 Mo. 817, 62 S. W. (2d) 1067. In that case the court reviewed and approved an opinion of the St. Louis Court of Appeals on the question of limitation, where the controversy was whether the agreement of the insurance company to pay charges of the doctor for the course of treatment provided was to be construed as a payment "on account of the injury" within the meaning of the statute so as to toll the limitation period. The employer and insurer took the position that, since there was no evidence that the charges for the medical service had actually been paid, the rendition of such service, though pursuant to the agreement of the insurance company authorizing and agreeing to pay for same, could not be construed as a payment made on account of the injury which would toll the Statute of Limitation. Quoting the statute, which provides that in addition to all other compensation the employee shall receive and the employer shall provide medical treatment, the court adopts and approves the opinion of the Court of Appeals disposing of the real issue presented as follows:

"Thus it will be seen that Section 3311 specifically provides that medical treatment shall be considered as a part of the compensation the employee shall receive (Wheeler v. Mo. Pac. Railroad Co., 328 Mo. 888, 42 S. W. (2d) l. c. 581; Helle v. Eyermann Cont. Co. (Mo. App.), 44 S. W. (2d) l. c. 238), and since payments on account of an injury within six months preceding the date of the filing of the claim tolls the statute, it seems to us that since the rendition of medical services at the instance of the employer or his insurer comprises part of the compensation of the injured person, therefore, if the employer or his insurer has caused the rendition of medical services to the injured person, it constitutes the payment of compensation under the Workmen's Compensation Act (Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S. W. (2d) l. c. 134) whether the employer or insurer has actually made payment for such services to the physician or not. The question of payment to the physician is a matter wholly between him and the person that employed him, and the mere fact that the physician has not been paid for his services by the one who employed him cannot affect the rights of the injured person who is

not a party to the contract between such physician and his employer. If the employer or his insurer has engaged the services of a physician to render medical aid to an injured person, the rendition of such medical aid, in pursuance of such an arrangement, constitutes as to the injured person a payment on account of the injury. The bare rendition of such services at the instance of the employer or his insurer is in and of itself a payment on account of the injury so far as the injured person is concerned.''

The above ruling has been followed by this court in the case of Morrow v. Orscheln Bros. Truck Lines, 235 Mo. App. 1166, 151 S. W. (2d) 138; and by the St. Louis Court of Appeals in Parker v. St. Louis Car Co., 145 S. W. (2d) 482, 484, and Blahut v. Liberty Creamery Co., 145 S. W. (2d) 506, 508.

While the exact point held in judgment here, arising upon the issues and facts in the instant case, has not been ruled specifically on similar facts in any of the above cases, it, nevertheless, appears that the ultimate effect of the ruling in the McEneny case must logically lead to the conclusion in the instant case that the last payment by the employer to the employee was on the day she received the last medical treatment *provided* by the employer. That was the day the limitation period began to run, and her claim was not timely filed. The rendition of service to the employee was the only payment received by her on account of the injury. Payment of the doctor's bill at a subsequent date did not result in any additional benefit to her. It was not payment on account of the injury, but it was payment to the doctor on account of his services rendered at the instance and request of the employer. The statutes certainly does not contemplate double payment of the same obligation to the employee.

Respondent cites and relies upon a number of cases from other States. They have not been overlooked. Most of them are distinguishable upon the law and facts involved. They could not be controlling because the case in hand must be ruled according to the trend of decision in this State.

From all of the foregoing it is concluded that the Statute of Limitation began to run against the employee January 5, 1940, when the last medical service was furnished by the employer and insurer; that her claim for compensation was not filed in time and was barred by the Statute of Limitation; that the learned circuit judge was in error in ruling to the contrary; that the judgment of the circuit court should be reversed and the case remanded with direction to affirm the award of the Commission denying compensation. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is reversed and the case remanded with direction to affirm the award of the Workmen's Compensation Commission denying compensation. All concur.