J. Bert Myers, Employee, Appellant, v. Cap Sheaf Bread Company, Employer, and Liberty Mutual Insurance Company, Insurer.— No. 39475.—192 S. W. (2d) 503.

Court en Banc, February 11, 1946.

*Louis E. Zuckerman* for appellant.

944

*John F. Evans* for respondents.

WESTHUES, C.—This is an appeal from a judgment of the circuit court of the city of St. Louis, Missouri, affirming an award of the Workmen's Compensation Commission denying compensation to J. Bert Myers on the theory that his claim was barred by sec. 3727, Mo. R. S. A., R. S. Mo., 1939, being a statute of limitations governing claims before the Workmen's Compensation Commission. An appeal was duly perfected. The claim being for an amount in excess of $7500.00 vests this court with appellate jurisdiction.

The history of the case is substantially as follows: J. Bert Myers was employed by the Cap Sheaf Bread Company, St. Louis, Missouri. On August 26, 1940, he sustained an injury through an accident while working at the bakery. On October 8, 1940, the employer, the bakery company, and the insurer, Liberty Mutual Insurance Company, filed a report of the accident with the Compensation Commission. On the same day a surgeon's report of the injury and a contract, referred to as a temporary agreement, were also filed with the Commission. The temporary agreement reads as follows:

"TEMPORARY AGREEMENT.

(Employee's Ex. C)

"Accident No. S-45747.

"The Commission Should be Notified as Soon as Either Party Refuses to Continue under this Agreement.

"Employee: J. Bert Myers. Insurer: Liberty Mutual Ins. Co. Employer: Cap Sheaf Bread Co., Inc. Accident date: 8/26/40.

"The above named employee hereby agrees to accept and the above named employer and/or insurer hereby agrees to pay compensation in the above case in accordance with the Missouri Workmen's Compensation ▇▇▇ Law. It is further expressly understood and agreed between the parties hereto that this agreement is temporary in character and if, at a later date, it be determined that the parties are in error with respect to any and all payments made under said agreement, the said payments may be adjusted without prejudice to either party and that this temporary agreement to pay and accept compensation shall not be used as an admission against interest or of liability.

"Dated September —, 1940.

"Employee's Signature: (Signed) J. Bert Myers.

"Employee's Address: 4322 Hartford.

"Employer or Insurer's Signature: By (Signed) E. HOFMANN.

"Witness: (Signed) A. W. Bolay."

Myers was paid compensation for two periods. The first was from August 30 to September 14, 1940, and the second from January 2 to February 9, 1941. The total payments amounted to $162.88. The evidence of plaintiff showed that he suffered pain in his back from the time of the accident to the time of the hearing before the Commission in July, 1942. A few days after the accident Myers was sent to a

Dr. Helbing for an examination. In January, 1941, the insurer sent Myers to Dr. Murphy and Dr. Pfeifer. Dr. Pfeifer prescribed a brace, a corset-like affair, to protect Myers' back. He wore this brace from February to October, 1941, and since that time occasionally when needed. Myers stated that he could not work without it. On October 6, 1941, Myers was informed by his foreman that his employment with the company must end because he was unable to do his work. On October 9, 1941, Weisleder, representing the insurer, sent Myers to Dr. Hampton for an examination. During this examination a Dr. Scott made some X-ray pictures. Note Myers' evidence.

"On October 9, 1941, the company sent me to Doctor Hampton who made an examination of me on October 9, 1941. Mr. Weisleder sent me to him. He made an examination and then sent me to Dr. Scott for X-ray pictures. All this happened after the date I was discharged, on October 6, 1941—four or five days later. He was going to make a report to the insurance company on his examination."

On December 16, 1941, Myers wrote to the Commission asking for additional compensation. The Commission requested him to file a claim on a regular blank furnished by the Commission. Myers complied and filed a claim on the form furnished. The defendants, employer and insurer, filed an answer denying liability and also envoked sec. 3727, supra. The statute at that time required a claim to be filed within six months. This statute was amended in 1941, and now the time prescribed is one year. See Wentz v. Price Candy Co., 352 Mo. 1, 175 S. W. (2d) 852. A hearing was had before a referee resulting in an award of no compensation on the theory that the claim was barred. The full Commission on review affirmed the award. At the hearing the defendants introduced in evidence what they called a final receipt for compensation. This receipt was dated October 8, 1940, and was filed with the Commission at that time. It does not cover the payments made in 1941. It is evident that the receipt did not constitute a settlement of the claim and was not so considered by the employer and insurer. It is respondents' contention that the claim was not filed within six months after the last payment was made under the temporary agreement; that the last payment was made February 8, 1941, and the claim was not filed until December 17, more than ten months later. It is in evidence, however, that Myers was being treated by doctors selected by the insurer and employer. The brace that Myers wore all through the year 1941, was prescribed by doctors furnished by the defendants. It will be noted that in October, 1941, defendants sent Myers to doctors and X-rays were taken. That was, within the law, furnishing medical aid and constituted payments within the meaning of sec. 3701, R. S. Mo., 1939, Mo. R. S. A., so as to toll the statute of limitations. Sec. 3727, supra; McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S. W. (2d) 1067, l. c. 1070 (4); Martensen v. Schutte Lumber Co., 236 Mo. App. 1084,

162 S. W. (2d) 312, l. c. 317 (4-7); Thomas v. Baker-Lockwood Mfg. Co., 236 Mo. App. 1248, 163 S. W. (2d) 117, l. c. 119 (2, 3). The fact that no order of the Commission was secured for this medical treatment does not alter the situation. McEneny v. Kresge, supra, 62 S. W. (2d) l. c. 169, 170(3). Respondents cite, among others, the case of State ex rel. Saunders v. Workmen's Compensation Commission, 333 Mo. 691, 63 S. W. (2d) 67. In that case it was held:

"The provision for filing claims within six months from the date of the last payment has reference to voluntary payments or payments under a temporary agreement. It could refer only to such payments."

However, in that case there had been no medical aid or any payments made within one year prior to the time a claim for additional compensation was filed.

██ Appellant contends the case was pending before the Commission at the time he filed his demand for additional compensation. In this connection it must be noted that the Commission, at no time prior to the filing of claimant's petition for additional compensation, made any order approving or disapproving the temporary agreement. Nor did the Commission in any way indicate that it had taken any action other than the filing of the temporary agreement, report of injuries and the accident. Sections 3723, 3724, R. S. Mo., 1939, Mo. R. S. A., contemplate that all agreements by employer and employee, with reference to compensation under the act, shall be subject to review by the Commission and not valid unless approved. The statute has been so construed. See State ex rel. Saunders, supra; Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 130 S. W. (2d) 945, l. c. 959. In the latter case this court en banc had the following to say:

"The settlement, if any, is made by the *parties* and is wholly voluntary. The Commission has no power at that stage of the proceeding to coerce a settlement or make an award. It has only a veto power, namely, the power to refuse to approve a settlement already made, if deemed not in accordance with the rights of the parties. Under Sec. 3333, R. S. 1929, Mo. Stat. Ann., Sec. 3333, p. 8267, approval of the settlement by the Commission is a prerequisite to its validity".

It is the contention of claimant that the filing of the temporary agreement was in fact the filing of a claim for compensation, and since the Commission made no order approving or disapproving the temporary agreement the case was still pending undisposed of at the time he made his claim for additional compensation. Cases are cited by appellant that sustain his contention. See Perry v. J. A. Kreis & Sons, 49 S. W. (2d) 220, l. c. 221 (1, 2); Weiss v. Anheuser-Busch, Inc., 234 Mo. App. 710, 117 S. W. (2d) 682, l. c. 684 (1-3); DeTienne v. Wellsville Fire Brick Co., 70 S. W. (2d) 369, l. c. 371. In this latter case the St. Louis Court of Appeals had the following to say:

"Both section 3333 and section 3334 (now secs. 3723 and 3724) place a mandatory duty upon the commission not only to examine any agreement of settlement or any agreement for compensation that may be filed with it, but to determine whether or not it will approve the same. It is conceded that in the instant case the commission did not approve the 'final report and receipt,' and therefore the claim remains undisposed of and pending before the commission. In this situation the commission retains its jurisdiction of the claim. It has therefore the authority to allow the filing of an amended claim and on proper hearing make such award as the facts may warrant. Shout v. Gunite Concrete & Const. Co., 226 Mo. App. 388, 41 S. W. (2d) 629; Carr v. Plastering Co. (Mo. App.), 55 S. W. (2d) 727; Harder v. Const. Co., supra; O'Malley v. Motor Truck Corp., supra, 225 Mo. App. 1, 31 S. W. (2d) loc. cit. 557. See, also, State ex rel. Saunders v. Mo. Workmen's Compensation Comm. (Mo. Sup.), 63 S. W. (2d) 67."

The defendants seek to avoid the force of the statute and the effect of the decisions by pointing out that the temporary agreements considered in the above cases were differently worded than the one signed by the parties in this case and filed with the Commission. Defendants in their brief say:

"Compare the form of 'Temporary Agreement' used in the present case. The old form was styled *'Employe's Claim For Compensation'* Etc., and affirmatively recited that 'the employe hereby makes claim for compensation'. The present form merely recites that the respective parties agree to pay and accept compensation 'in accordance with the Missouri Workmen's Compensation Law', such payment to be made and received 'without prejudice', and the agreement 'shall not be used as an admission against interest or of liability.' In other words, the payments are purely *voluntary* in character, and either party is given the right to subsequently dispute the legality of the payment 'without prejudice' and without admitting liability. The employer and insurer were left free to deny at any time that the alleged accident arose out of and in the course of the employment, or to deny that the condition complained of resulted ·from such an 'accident', as respondent's actually· did in this case. There is nothing in the paper itself which could be construed as a 'claim' for compensation, and the commission is not asked to settle any dispute between the parties. An agreement to pay and accept compensation 'in accordance with the· Missouri Workmen's Compensation Law' necessarily embraces the law as a whole, including the section on limitations".

In support thereof defendants rely on State ex rel. Saunders, supra. But in that case the parties had, after payments had been made, executed a final receipt on the theory that the disability had ended. Note what this court there said:

"However, on March 4, 1928, relator and the employer were of the opinion that the disability had ended."

It will also be found in reading that case that the final receipt filed with the Commission was approved by an order of the Commission. That of course closed the case.

In the case before us the jurisdiction of the Commission was envoked by the filing of the report of the accident and injuries and the temporary agreement. It was so treated by employer and insurer. No further report was filed with the Commission. Neither was any order made by the Commission. While the case was thus pending the employee asked for further compensation. It is in evidence that in January and February Myers was advised by a doctor to wear a brace furnished for the protection of his back. The Commission was never notified of this, nor of the payments made in 1941. The employee testified that he was unable to work without the brace and that the disability had never ceased. Yet, for that injury he received only a meager sum and the insurer and employer contend that the case has ended by virtue of the statute of limitations, even though the Compensation Commission has neither approved or disapproved any settlement, nor has any award been made.

We are of the opinion that the provisions of the statute, secs. 3723, 3724, supra, control over the wording of any agreement that may be executed by the parties, even though the form of the agreement be prescribed by the Compensation Commission. The law places a duty upon the Commission to either approve or disapprove any settlement attempted to be made. This duty cannot be avoided. The Commission, to intelligently pass on the merits of a settlement, must acquaint itself with the facts of the case. The agreement in this case recognized the statutory provisions, for it was expressly stated therein that compensation was to be paid in accordance with the Missouri Workmen's Compensation Law; that the agreement was temporary in character and that adjustments could later be made. The agreement, as well as the statute, contemplated that the Commission would finally approve a settlement between the parties. It is, therefore, our opinion that the case was still pending and undisposed of before the Commission at the time Myers applied for additional compensation. When this application was filed, it was the duty of the Commission to adjudicate the rights of the parties. We note that in the agreement the insurer and employer reserved the right to deny liability in toto. That issue was never tried by the Commission.

The judgment of the trial court is reversed with directions to that court to enter a judgment setting aside its judgment and the award of the Compensation Commission and to remand the case to the Commission for further action. It is so ordered.

950

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court en Banc. *Ellison, Gantt, Tipton,* and *Leedy, JJ.,* and *Clark, C. J.,* concur. *Hyde, J.,* concurs in separate concurring opinion in which *Ellison, Gantt, Tipton* and *Leedy, JJ.,* and *Clark, C. J.,* concur; *Douglas, J.,* absent.

HYDE, J. (concurring).—If the examination of claimant on October 9, 1941, was only for the purpose of making a report to the insurance company, I do not think it could be construed as furnishing medical treatment under Section 3701 so as to constitute a payment under Section 3727. (These and all other references herein are to R. S. 1939 and Mo. Stat. Ann.) I prefer to put my concurrence upon the second ground stated in the opinion of Westhues, C., adopted in Division Two, namely: that, under the circumstances shown in this record, there was a case pending before the Commission as to the amount of claimant's compensation for his injury, which had never been determined either by an agreement or by a hearing. I think this conclusion is necessarily reached from an analysis of the whole plan of our Workmen's Compensation Act.

█ The clear intent of Section 3724 is that, when an accident is reported in accordance with Section 3722, there are two, and only two, alternatives, namely: There must be an agreement which fixes the amount to be paid, or the employer must notify the Commission that there is a dispute to be settled by the Commission. Of course, if an employee fails to make disclosure of an accident, or any contention that he has sustained an accident, within the time provided by Section 3726 and files no claim within the limitation period that is another matter. Although under the authority of Section 3723 an agreement of settlement could be sent in with the accident report or even made at any time after a dispute began, nevertheless, both Sections 3723 and 3724 require the approval of the Commission. The last sentence of Section 3724 is, as follows: "If the parties agree, they shall file with the commission a report of the facts and their agreement, and if the agreement is approved by the Commission it shall make an award of compensation thereon in accordance therewith." This section clearly applies to all agreements and requires an award of compensation on all claims either on an agreement or if 'there is no agreement, on hearing.

However, under authority of Section 3734, a temporary or partial award could be made in any case. Therefore, a temporary agreement could be made, but it should be one which authorizes a temporary award in accordance with Section 3734. Clearly, however, any temporary agreement (like the temporary award authorized by Section 3734) keeps the case open until final award is made. Even a final award can be reopened, under Section 3730, and increased or

diminished on the ground of a change of condition. All this demonstrates that the Commission has authority to keep any matter open for a final award (or even reopen a final award on change of condition) so that both employer and employee may obtain complete justice.

Furthermore, Section 3728 provides: "If the employer and the injured employee. or his dependents fail to reach an agreement in regard to compensation under this chapter, or if they have reached such an agreement which has been signed and filed with the commission and compensation has been paid or is due in accordance therewith, and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, either party may make an application to the commission for a hearing in regard to the matters at issue and for a ruling thereon."

Therefore, it is undoubtedly intended that from the time any agreement fixing compensation is 'made, either as the basis for a temporary award or for a final award, the case (for determination of the amount to be paid) is pending before the commission; but that, if no agreement is made, no case is pending until a claim is filed. Thus Section 3727 (providing limitations) means that when there is no agreement, the claim is barred unless filed within six months after the injury or death (at the time of this case; now one year Laws 1941, p. 718); and that when there is a temporary agreement, to be approved by a temporary award of the Commission, then any claim for an additional amount must be made within six months (now one year) from the date of the last payment under the temporary agreement or award.

The trouble in this case is that the so called temporary agreement in this case fixes no amount of compensation to be paid, and so could not be the basis of even a temporary award. It is a recognition that something is due the employee, but it says only that compensation is to be paid in accordance with the Missouri Workmen's Compensation Act. That was already the obligation of the employer, without saying it, if he had any obligation at all. Thus clearly it is not an agreement contemplated by any of the above statutes, and, therefore, it can amount to nothing more than an extension 'of time (by agreement) for making the kind of an agreement fixing an amount (for either a temporary or permanent award) which the Workmen's Compensation Act does require. Thus, it is no more than an agreement to negotiate about the amount to be paid, and it does not bring the matter to the stage where there is either an agreement for compensation (upon which any award could be made) or where there is a dispute upon which a hearing could be held. In other words, under the record in this case, negotiations were still in progress for an agreement and the matter had not yet reached the stage of either an

agreement or a dispute. For these reasons, I concur in the ruling in Division Two that the matter was merely pending undetermined before the Commission, continued by agreement of the parties; and that claimant was not barred by limitation. All concur.