**Foster MORGAN, (Plaintiff) Appellant,**

**v.**

**KREY PACKING COMPANY, (Defendant) Respondent.**

No. 31859.

St. Louis Court of Appeals.

Missouri.

May 17, 1966.

Harry J. Nichols, St. Louis, for appellant.

Robert C. Reis, St. Louis, for respondent.

RUDDY, Judge.

This is an appeal by employee-claimant from a judgment of the Circuit Court of the City of St. Louis, Missouri, affirming an

award of the Industrial Commission denying compensation. The Industrial Commission reversed the award and finding of the Referee who had allowed the claimant permanent partial disability to the left knee. Employer and claimant appealed to the Commission, claimant contending the award was inadequate.

The employee's claim was dated August 31, 1962, but stamped thereon was the following: "Received by the Division of Workmen's Compensation on September 8, 1962." At the hearing before the Referee claimant was given permission to amend his claim to show that the injury he received occurred on or about March 1960, instead of March 1961, appearing in his claim. The self-insured employer filed an answer and denied the claim generally; denied it received notice of the injury and asserted the statute of limitations barred the claim.

Claimant's testimony shows that in March 1960 (the exact date is not shown) while coming down steps at his employer's plant he bumped his left knee on a rail, or, as he said in another part of his testimony, on a post that was standing by the rail. He said he "just kind of shocked it," but that it did not bother him until the next day. On the next day he went to see the company nurse on the employer's premises and told her what happened and showed her his swollen knee. The nurse told him to come in the next day to see the doctor and on that day upon seeing the doctor he was advised to go to the doctor's office. He said he went to the doctor's office "about the sixth" of March 1960, at which time the doctor aspirated the left knee and removed blood and fluid. Three days after his visit to the doctor's office, he again went to the nurse and she gave him an Ace elastic bandage and told him to wear it. In his testimony he said he wore the elastic bandage "every week" and he has never gone "a week without wearing that bandage." He was not wearing the elastic bandage on the day of the hearing and said this was because he was not working. The nurse never did ask claimant to return the elastic bandage.

Claimant said the wearing of the bandage helped to support the knee. Claimant never got any treatment for the knee other than that provided by the doctor, the nurse and the elastic bandage. He said he was "reasonably sure" the injury occurred in March 1960.

In the cross-examination of claimant he said the accident happened on a Friday and that he did not see the nurse until the following Monday. Also, in his cross-examination he testified that he saw the company doctor in May 1961 for another injury at which time he told the doctor that his knee would swell. He said the doctor told him if it continues to swell, to come back and he would have to lance it again. On the occasion of this visit the doctor did nothing to the knee. He said he only saw the doctor one time for the knee.

In May 1961 when claimant saw the nurse about another injury, she told claimant to continue to wear the elastic bandage. It was developed on cross-examination that the bandage he was wearing at the time of the hearing was a new elastic bandage that had been purchased by his wife in December of 1962.

The employer's nurse did not remember claimant coming into the dispensary for an injury to his left knee, nor did she remember ever giving him an Ace elastic bandage to put on his knee. The nurse testified she kept the records of the dispensary and that she had no record of any treatment or injury to claimant's left knee.

Dr. Leo F. Donley, who was the plant physician for the employer, testified that if the employee is seen by the nurse of the employer before he is sent to his office, the nurse would enter a record of this in a book kept at the dispensary office. He had no recollection of having treated the claimant in his office. However, he said it was possible that he had aspirated the knee of the claimant, but he did not remember it. He said he did not keep any records in his office of treatment to the employees, stating these records were kept in the dispensary of

the employer. He said an elastic bandage of the type used by claimant would lose its elasticity in a period of two to three months if it was used two or three days a week.

The Industrial Commission made the following finding denying compensation:

"We find from all of the evidence that the claim for compensation was not filed within one year from the date of the accident, nor within one year from the last payment of compensation (none having been paid), nor within one year from the last medical treatment rendered the employee and furnished by the employer and insurer.

"While not unmindful of the dicta of Myers v. Cap Sheaf Bread Co. [354 Mo. 943], 192 S.W.2d [503] 509, we are of the opinion that the furnishment of an Ace Elastic bandage by the company nurse and the more or less continuous use thereof by the employee was not medical treatment of such nature as would toll the running of the Statute of Limitations.

"We conclude, therefore, that the claim is barred by Section 287.430, RSMo 1959, and compensation must be and the same is hereby denied."

It is not clear from a reading of the aforesaid finding and award of the Industrial Commission whether or not it found that the employee was furnished an Ace elastic bandage by the company nurse and that the employee more or less continued to use it. However, it becomes immaterial as to what finding the Industrial Commission made in this regard, as we shall demonstrate.

■ Section 287.140 RSMo 1959, V.A. M.S., provides that the "employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, * * * as may reasonably be required * * *, to cure and relieve from the effects of the injury, * *." If the employer provides any medical treatment or aid, the rendition of such medical aid constitutes as to the injured person a payment on account of the injury. The bare rendition of such service at the instance of the employer is in and of itself a payment on account of the injury so far as the injured person is concerned. McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S.W.2d 1067, l. c. 1070; Thomas v. Baker-Lockwood Mfg. Co., 236 Mo.App. 1248, 163 S.W.2d 117.

■ The first question to be decided is whether the furnishing of the Ace elastic bandage for the knee constituted rendition of medical service? Our answer to this is that we think it did. Where a back brace prescribed by a doctor furnished by the employer was prescribed for use by a claimant, it was held in Myers v. Cap Sheaf Bread Co., 354 Mo. 943, 192 S.W.2d 503, that it constituted the furnishing of medical aid. We think the furnishing of the elastic bandage by the employer's nurse constituted providing medical aid to relieve from the effects of the injury, within the meaning of the statute.

It is clear from a glance at the evidence heretofore summarized that plaintiff's claim was not filed within one year from the date on which the Ace elastic bandage was furnished by the company nurse to the claimant, and, therefore, his claim was not filed within one year from the last medical aid rendered the employee and furnished by the employer, unless, as claimant contends, the continued use by him of the elastic bandage from March 1960, until December 1962, at which time he secured a second bandage, constitutes treatment or aid for his injury under the statute and is of such nature as to toll the running of the statute of limitations, namely, § 287.430 RSMo 1959, V.A.M.S. This statute provides that no proceedings for compensation shall be maintained unless a claim therefor be filed with the Commission within one year from the date of the last payment made on account of the injury. In essence, claimant contends that the last payment was made in Decem-

ber of 1962, when he ceased using the Ace elastic bandage furnished by his employer.

Claimant cites the case of Myers v. Cap Sheaf Bread Co., supra, in support of his position. In that case the Circuit Court had affirmed an award of the Workmen's Compensation Commission denying compensation to the claimant on the ground that his claim was barred by the statute of limitations. The opinion shows that a contract, referred to as a temporary agreement, was filed with the Commission. The claimant contended that the filing of the temporary agreement was in fact the filing of a claim for compensation, and since the Commission made no order approving or disapproving the temporary agreement, the case was still pending undisposed of at the time he made his claim for additional compensation. The court also found that there was evidence that Myers was advised by a doctor to wear a brace furnished for the protection of his back. The court pointed out that claimant had worn the brace from February to October 1941, and since that time, occasionally, when needed. The court also found that on October 9, 1941, the insurer sent claimant to Dr. Hampton for an examination. Claimant in the instant case relies on the following language of Judge Westhues, then a Commissioner, wherein he said at 192 S.W.2d l. c. 504:

"* * * It is in evidence, however, that Myers was being treated by doctors selected by the insurer and employer. The brace that Myers wore all through the year 1941, was prescribed by the doctors furnished by the defendants. It will be noted that in October, 1941, defendants sent Myers to doctors and x-rays were taken. That was, within the law, furnishing medical aid and constituted payment within the meaning of sec. 3701, R.S.Mo., 1939, Mo.R.S.A., so as to toll the statute of limitations."

By this language the Supreme Court did not hold that the mere wearing of the brace all through the year 1941 in and of itself was sufficient to toll the statute of limitations.

This opinion reversed the trial court on two grounds, namely, that the examination of claimant on October 9, 1941, was furnishing medical treatment so as to constitute a payment under the statute. Therefore, the claim was not barred by the statute of limitations. The second ground given was that there was a case pending before the Commission which had never been determined either by an agreement or by a hearing. That these were the only grounds becomes abundantly clear in the concurring opinion written by Judge Hyde for the court en banc. Judge Hyde refers to the two grounds for reversal contained in the opinion of Westhues, C. In his opinion he rejects the first ground because the examination of claimant on October 9, 1941, was only for the purpose of making a report to the insurance company and it could not be construed as furnishing medical treatment so as to constitute a payment under the statute. Judge Hyde puts his concurrence upon the second ground. The separate opinion of Judge Hyde was concurred in by all of the Judges sitting in the case. Neither opinion supports the contention of claimant in the instant case, that the mere wearing of the Ace elastic bandage until December 1962 tolled the statute of limitations while wearing the bandage.

█ To rule otherwise would be the opening of a Pandora's box that would lead to many absurdities and abuses. The use of a cane or crutches furnished by the employer or insurer could be extended needlessly and indefinitely by claimant. Many other examples of abuse could be given. The plain purpose of § 287.430, supra, viz., to prevent claims from lying unfiled indefinitely and from becoming stale, Wheeler v. Mo. Pac. R. Co., 328 Mo. 888, 42 S.W. 2d 579, l. c. 581; 53 C.J.S. Limitations of Actions § 1, p. 903, would be circumvented if we were to allow plaintiff's contention.

The last medical service received by claimant was on the day in March 1960 when he was provided with the elastic bandage by the employer's nurse. That was the last medical aid provided by the employer and constituted the last payment on account of claimant's injury. The aforesaid day in March was the day the limitation period began to run. This was more than two years before the claim was filed. Therefore, it is clear that the claim for compensation was not filed in time and was barred by the statute of limitations.

The judgment of the Circuit Court should be affirmed. It is so ordered.

WOLFE, P. J., and J. MORGAN DONELSON, Special Judge, concur.