**Larry Arthur SNOW, Plaintiff–Appellant,**

v.

**SUNBELT SYSTEMS TRANSPORT and Federal Insurance Company, Defendants–Respondents.**

No. 73259.

Supreme Court of Missouri, En Banc.

July 23, 1991.

Rehearing Denied Sept. 10, 1991.

John B. Schwabe II, Glenn Edward Beasley, Columbia, for plaintiff-appellant.

Raymond J. Flunker, Jeffrey M. Proske, St. Louis, for defendants-respondents.

JOHN E. PARRISH, Special Judge.

Larry Arthur Snow appeals an award by the Labor and Industrial Relations Commission (the commission) of "no compensation." That award was appealed to the circuit court.[1] § 287.490.1.[2] The circuit court affirmed the award of the commission. An appeal was taken to the Missouri Court of Appeals, Western District. § 287.490.2. Following the filing of opinion by the western district, this Court granted transfer. The review by this Court is undertaken as if it were an original appeal. Rule 83.09. For the reasons that follow, the award of the commission is reversed and the case is remanded.

Snow received a back injury during the course of his employment by Sunbelt Systems Transport. The injury was the result of an accident that occurred July 3, 1979. Following the injury, Snow was treated on

---

**1.** Appellant's claim arose before August 13, 1980.

**2.** References to statutes are to RSMo 1986 unless stated otherwise.

an irregular basis, primarily by doctors of the Columbia Orthopaedic Group, until April 18, 1983. The treatment was authorized by Snow's employer and its workers' compensation insurer (the employer-insurer), and the medical expenses were paid by them. Snow's last date of treatment by the Columbia Orthopaedic Group was April 18, 1983, and a medical report dated April 19, 1983, was provided. The medical report indicated that no further treatment nor diagnostic tests were necessary. On May 21, 1984, Snow was notified by letter from the employer-insurer that no further treatment would be authorized for the injury that occurred July 3, 1979. At that time, the employer-insurer paid the medical bill that had been submitted by the Columbia Orthopaedic Group for the April 18, 1983, treatment.

The commission based its denial of compensation upon a determination that the claim was barred by the statute of limitations in that the claim was filed more than one year following the date of last payment made on account of the injury. § 287.430, RSMo 1978.[3] The commission considered the date of last payment, for purposes of § 287.430, RSMo 1978, to be the date when authorized medical services were last rendered to the employee, not the date the bill for the medical services was paid. Snow contends that this determination was erroneous; that the date of last payment made on account of the injury was the date the bill for the last authorized medical services was paid. He contends that the statute of limitations period, by the plain language of the statute, began when the employer-insurer paid the medical bill for the last authorized medical treatment he received.

Section 287.430, RSMo 1978, states, in pertinent part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within one year after the injury or death, or *in case payments have been made on account of the injury or death, within one year from the date of the last payment, . . . .* (Emphasis added.)

In construing § 287.430, the words and phrases are "taken in their plain or ordinary and usual sense." § 1.090. Section 287.430 does not contain technical words nor phrases that require their application in a technical import. *Id.* Further, in that the particular statute is part of the Workmen's Compensation Law,[4] it is to be construed with a view toward satisfying the fundamental purpose of placing upon industry the losses of their employees that arise from work-related accidents. See *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983). "Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee." *Id.*, citing *Greer v. Dept. of Liquor Control*, 592 S.W.2d 188, 193 (Mo.App.1979).

Division opinions of this Court in *McFall v. Barton–Mansfield Co.*, 333 Mo. 110, 61 S.W.2d 911 (1933), and *Elsas v. Montgomery Elevator Co.*, 330 Mo. 596, 50 S.W.2d 130 (1932), support Snow's contention that his claim is not barred by the statute of limitations. In *McFall* this Court considered the applicability of a six-month statute of limitation that contained comparable language to that in § 287.430, RSMo 1978, regarding later payments "on account of the injury." [5] In *McFall* the claimant had

---

**3.** The date of the injury was July 3, 1979. Although § 287.430 was amended effective August 13, 1980, to extend the period of limitations for filing workers' compensation claims to two years, that amendment included the declaration that § 287.430 was a statute "of extinction and not of repose." § 287.430, 1980 Mo.Laws. That declaration changed the statute's construction. The amendment was, therefore, a substantive change, not merely a procedural change. *See Foreman v. Shelter Ins. Co.*, 706 S.W.2d 227, 229–30 (Mo.App.1986). Thus, the applicable

statute of limitations in this case is § 287.430, RSMo 1978.

**4.** The title of the act became "The Workers' Compensation Law" as a result of its amendment by the 1980 Mo. Laws.

**5.** § 3337, RSMo 1929, provided that no proceedings could be maintained unless a claim was filed within six months after the injury, "or in case payments have been made on account of the injury, . . . within six months from the date

been injured February 6, 1930. He filed his claim one day beyond the six-month period, on August 7, 1930. This Court found that the claimant had been treated three days after his accident and that, at a later date, the employer had paid the treating physician, Dr. Husted. This Court concluded, "[P]laintiff's claim was filed within six months from the date of the payment to Dr. Husted. If that payment was 'on account of the injury,' plaintiff's claim was filed in time under the statute." 61 S.W.2d at 914. The Court found that the payment to Dr. Husted was made on account of the injury and that the claim was, therefore, timely filed.

In *Elsas* the same statute of limitations applied as in *McFall*, viz., § 3337, RSMo 1929. *See* n. 5, *supra*. In *Elsas* the employee was injured November 4, 1926. No claim was filed until July 8, 1927, more than six months after the injury. This Court found, however, that medical bills for treatment that was provided the employee were paid in April 1927, and that "[t]he commission properly concluded that under the plain terms of the act payment of these bills was a payment of compensation 'made on account of the injury' to claimant's husband." 50 S.W.2d at 134–35. The claim had been timely filed in that it was filed within six months following the April 1927 payment of medical bills.

The commission relied upon *Thomas v. Baker–Lockwood Mfg. Co.*, 236 Mo.App. 1248, 163 S.W.2d 117 (1942), *rev'd on other grounds, Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 856 (1943), in its finding that "[t]he date from which the statute of limitations must run is the last date treatment is rendered not the last date that authorized medical expenses are paid by the employer-insurer." In *Thomas* the court undertook to distinguish *Elsas* and *McFall*. The court concluded that *Elsas* did "not appear to rule the specific issue in the [*Thomas*] case, nor to rule upon a similar state of facts," and, with respect to *McFall*:

> The facts distinguish the case from the one in hand. The claim was filed in time, of the last payment." *McFall v. Barton–Mans-*

not solely because the doctor was paid within six months before the filing of the claim, but also because the medical attention was provided and received within that period. Reference to the date of payment of the doctor's bill was wholly irrelevant and unnecessary to sustain the finding that the claim was timely filed. *Id.* at 121. The court declared, "A later case of the Supreme Court, which appears to be more nearly in point, is *McEneny v. S.S. Kresge Co.*, 333 Mo. 817, 62 S.W.2d 1067 [1933]." *Id.* It quoted from *McEneny* as follows:

> "If the employer or his insurer has engaged the services of a physician to render medical aid to an injured person, the rendition of such medical aid, in pursuance of such an arrangement, constitutes as to the injured person a payment on account of the injury. The bare rendition of such services at the instance of the employer or his insurer is in and of itself a payment on account of the injury so far as the injured person is concerned."

*Id.*, quoting *McEneny*, 62 S.W.2d at 1070.

*Thomas* erroneously interpreted the holding in *McEneny* as having placed a limitation on the language in *Elsas* and *McFall*. In *Elsas* and in *McFall*, medical services were both provided and paid within the six months immediately preceding the filing of each claim. In *McEneny* whether the charges for the medical services were paid within the six-month period was not in evidence. The last authorized medical services had been provided, however, within the six-month limitation period. *McEneny* held that this sufficed as a payment on account of the injury. To the extent that payment was considered made by providing medical services to an employee without there being evidence of the actual payment for those services to the physician, *McEneny* is an extension of the prior pronouncements in *Elsas* and in *McFall*.

The only case decided by this Court that respondent has cited for the proposition *field Co.*, 61 S.W.2d at 914.

that the date treatment is provided is "the date of the last payment" for purposes of § 287.430, RSMo 1978, is *Welborn v. Southern Equip. Co.*, 395 S.W.2d 119, 124 (Mo. banc 1965).[6] In *Welborn* this court pointed out that the obligations arising from the Workmen's Compensation Law are contractual in nature and that under general statutes of limitation applicable to contractual obligations, "a part payment made within the prescribed statutory period before suit is brought will take a case out of the operation of the statute of limitation whether the payment was made before or after the statutory period has elapsed." *Welborn v. Southern Equip. Co., supra.* This court then held "that the payment made on account of the injury in the form of medical aid furnished by the employer after the one-year period of limitation provided by § 287.430 had elapsed revived the employee's claim and right of action and the claim filed within one year thereafter was timely." *Id.* Respondent's brief asserts, with respect to *Welborn*, that "the court makes reference to payment to the employee in the form of *medical aid* furnished by the employer reviving the claim. [Citation omitted.] The case also says nothing at all regarding payment of the medical bill." Respondent misconstrues *Welborn.*

The facts recited in *Welborn*, at l.c. 120–21, state that the accident that is the subject of that case occurred July 20, 1960, but that the employer had furnished no medical aid nor paid compensation at the time of the injury or immediately following the injury. On August 23, 1961, after the claimant's employment had been terminated, the claimant told the employer that he (the claimant) "had trouble with his back." The employer then sent him to a physician who treated him and referred him to a second physician. The employer paid the medical bills for the services of both physicians. In this regard, the facts in *Welborn* are similar to the facts in *Elsas* and *McFall.* Medical services were provided an employee and the medical bills for those services were paid. The employee then filed a claim for compensation within the statute of limitations period that followed. Respondent misconstrues *Welborn* by concluding that its holding does not permit § 287.430, RSMo 1978, to be construed, under appropriate facts, to mean that the date the bill for the last authorized medical services was paid was the date of last payment made on account of the injury. The holding in *Welborn* does not detract from the earlier interpretation of the word "payments" in *McFall v. Barton–Mansfield Co., supra,* and in *Elsas v. Montgomery Elevator Co., supra.*

The language of § 287.430, RSMo 1978, (and its predecessor statutes of limitations) is plain. In cases in which "payment has been made on account of the injury," the date when the last authorized medical expenses are actually paid may constitute "the date of the last payment." The commission did not so find. In that regard, the facts as found by the commission do not support its final award denying compensation. Its finding that "[t]he date from which the statute of limitations must run is the last date treatment is rendered not the last date that authorized medical expenses are paid by the employer-insurer," is erroneous. To the extent that *Thomas v. Baker–Lockwood Mfg. Co., supra,* so holds, that case should no longer be followed.

The order of the circuit court affirming the commission's final award of no compensation is reversed. The case is remanded to the Labor and Industrial Relations Commission for further proceedings on the merits of the claim.

ROBERTSON, C.J., RENDLEN, COVINGTON, HOLSTEIN and BLACKMAR, JJ., and HIGGINS, Senior Judge, concur.

---

**6.** Respondent's brief also cites the following court of appeals cases in support of the commission's findings: *Stoddard v. Wilson Freight, Inc.,* 651 S.W.2d 152 (Mo.App.1983); *Blair v. Associated Grocers, Inc.,* 593 S.W.2d 650 (Mo.App.

1980); and *Skinner v. Dawson Metal Products,* 575 S.W.2d 935 (Mo.App.1978). These cases were also cited in appellant's brief. The cases do not support the Commission's findings.